Reinhardt, Circuit Judge,
dissenting:
I disagree that the refusal to let De Nier refute his supposed confession was harmless beyond a reasonable doubt. A criminal defendant has a constitutional right to testify in his own defense: this right is “essential to due process of law in a fair adversary system,” Rock v. Arkansas, 483 U.S. 44, 62, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (citation omitted), and is violated when a trial court “arbitrarily excludes material portions” of the defendant’s testimony, id. at 55, 107 S.Ct. 2704. De Nier was denied his only means of disproving that he had confessed to the crimes of which he was accused. As the Supreme Court has instructed, “confessions have profound impact on the jury”; a confession is “probably the most probative and damaging evidence that can be admitted” against him at trial because it comes from the defendant himself. Arizona v. Fulminante, 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (citations omitted). Therefore, although there was other evidence presented by the government of De Nier’s guilt, I cannot conclude that no reasonable juror would have relied on De Nier’s uncontested confession in finding him guilty.